1-26-CV-08385

October 9, 2026

RECEIVED
SDNY PRO SE OFFICE
2026 OCT -9 PM 2:22

Hon. Henry J. Ricardo
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 21D
New York, NY 10007

Re: Request For Order To Prevent The Destruction And Spoliation Of Evidence Pursuant To *Baker v. DuVernay, et al.* And All Projects Related To Ms. DuVernay And Netflix

Dear Magistrate Judge Ricardo:

I, Ralph W. Baker, Jr. ("Plaintiff"), asks the Court to issue an order to Ava DuVernay, Netflix, Inc. ("Netflix"), ARRAY Filmworks ("ARRAY") and all defendants pursuant to *Baker v. DuVernay*, and all contributors and their institutional backers involved with Ms. DuVernay's *14th* documentary. The Complaint alleges that the *13th* was a pretext for Ms. Duvernay and other Agents to copy Plaintiff's expression of mass incarceration. The fact pattern suggests Ms. DuVernay's *14th* could fit that pattern.

The fact pattern is as follows: On July 16, 2026 *The Guardian* reported,

> Ava DuVernay announced on Thursday that **she has made a documentary** for Netflix on the 14th amendment, which gave liberty and rights to formerly enslaved people following the civil war, and has come under legal attack from Donald Trump … The 14th amendment, ratified in 1868 during Reconstruction states: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."[1]

*The Guardian* stated *14th* was made. The reference to Reconstruction intimated the documentary was a pretext to discuss Reconstruction – another creative selection from *Shock Exchange*. *14th* could potentially be a continuance of the infringing act(s) pursuant to *13th*. *Taylor v. Meirick*, 712 F.2d 1112 (7th Cir. 1983), *Baker v. Hannah-Jones*, 1:24-cv-08760, Dkt. 5.

Plaintiff contacted Netflix general counsel, David Hyman, on August 26th to alert him about the pending lawsuit against Ms. DuVernay and Netflix pursuant to *13th*. (Email included). Plaintiff filed the case on September 19th. On October 8th Ms. DuVernay told an audience at the New York Film Festival ("NYFF"), "We only finished the film last week!" This *implied* 14th was finished in October, which contradicted what *The Guardian* reported in July. Said another way, Ms. DuVernay, ARRAY and/or Netflix may have altered *14th* in response to pending litigation. Below is a message from @TheNYFF X account:

[1] Associated Press, "Ava DuVernay to make Netflix documentary 14th on birthright citizenship," *The Guardian*, July 16, 2026.

"We only finished the film last week!" - Ava DuVernay reveals as she discusses her latest, 14th.

We are honored to have the World Premiere as our #NYFF64 Closing Night Selection.




ARRAY

7:16 PM · Oct 8, 2026 · **645** Views

Plaintiff understands the common law test for whether evidence should be preserved is, "Was litigation pending or reasonably foreseeable.?"[2] However, Plaintiff understands that Federal Rule of Civil Procedure 37(e) governs the measures and sanctions a court may impose when electronically stored information (ESI) is lost because a party failed to take reasonable steps to preserve it.

Plaintiff respectfully asks the Court for the following:

1. To issue an order to all defendants and contributors to preserve, and prevent the destruction, alteration or spoliation of all evidence – including documents, emails, and digital correspondence – that may be relevant to *Baker v. Duvernay*, *14th* or any projects related to Ms. DuVernay and Netflix.

---

[2] Gregory P. Joseph, "Rule 37(e): The New Law of Electronic Spoliation," Judicature, Vol. 99 No. 3 (2015).

2. Request that Ms. Duvernay, Netflix, ARRAY and all defendants and contributors assert whether they altered, spoliated or destroyed any evidence, the date(s) of such alterations, spoliation(s) and destruction(s) and why.
3. Take appropriate measures (sanctions, penalties, or other measures) if needed, assuming defendants and/or contributors ran afoul of any requirements – including their common law requirements – to preserve documents.

Plaintiff understands that the Lincoln Center for the Performing Arts ("Lincoln Center"), NYFF, *The Ringer* podcaster Van Lathan, and *The Ringer* may have collaborated with DuVernay on *14th* in some capacity. Plaintiff sent letters and emails (included) to Lincoln Center, *The Ringer* and NYFF requesting that they preserve evidence pursuant to *14th*.

Respectfully Yours,

Ralph W. Ba

Ralph W. Baker, Jr.

October 6, 2026

Lauren Ezrol Klein
General Counsel
Lincoln Center for the Performing Arts
70 Lincoln Center Plaza
New York, NY 10023

Hi,

I am the author of *Shock Exchange: How Inner-City Kids From Brooklyn Predicted the Great Recession and the Pain Ahead.* I am the plaintiff in *Baker v. DuVernay*, et al., 1:26-cv-08385, which Ava DuVernay and Netflix, Inc. ("Netflix") are party to. I allege that Ms. DuVernay copied my expression of mass incarceration pursuant to *13*$^{th}$, previously shown at the New York Film Festival ("NYFF"). I understand Ms. DuVernay's *14*$^{th}$ will also premier at NYFF. I understand that Film at Lincoln Center sponsors NYFF.

I demand that NYFF and Lincoln Center for the Performing Arts ("Lincoln Center") preserve, and prevent the destruction, alteration or spoliation of all evidence – including documents, emails, and digital correspondence – that may be relevant to *Baker v. Duvernay* or any projects related to Ms. DuVernay. Your obligation to preserve evidence arises when a party reasonably expects litigation. I respectfully ask that you suspend any automated data deletion, overwriting, or document destruction policies that could affect information relevant to this matter.

This preservation demand applies to all physical documents and electronically stored information created, received, or maintained regarding data related to Ms. DuVernay. This includes:

1. **Digital Correspondence and Communications:** All emails, instant messages, text messages, internal chat logs (including Slack, Microsoft Teams, or WhatsApp), and internal voicemail messages concerning data related to Ms. DuVernay.
2. **Electronic Documents:** All drafts, final copies, and metadata of word processing documents, spreadsheets, presentations, and PDF files related to Ms. DuVernay.
3. **Internal Records and Files:** Personnel files, logs, memos, internal reviews, or investigations regarding *13*$^{th}$ and all projects related to Ms. DuVernay.
4. **System and Device Data:** Hard drives, server logs, backup tapes, cloud storage accounts and mobile device data belonging to key custodians involved in this matter.

Please ensure your IT departments, employees, agents, and any third-party contractors are immediately notified of this litigation hold.

Thank you in advance,

Ralph W. Baker, Jr.
917-697-8168
ralphbakerjr@msn.com

October 6, 2026

Bill Simmons
Founder and Managing Director
The Ringer
1438 N Gower St
Los Angeles, CA 90028

Hi,

I am the author of *Shock Exchange: How Inner-City Kids From Brooklyn Predicted the Great Recession and the Pain Ahead.* I am the plaintiff in *Baker v. DuVernay*, et al., 1:26-cv-08385, which Ava DuVernay and Netflix, Inc. ("Netflix") are party to. I allege that Ms. DuVernay copied my expression of mass incarceration pursuant to *13th*, previously shown at the New York Film Festival ("NYFF"). I understand that Van Lathan ("Lathan") of *The Ringer* contributed to Ms. DuVernay's *14th*, and will help present *14th* at this year's NYFF.

I demand that Lathan and *The Ringer* preserve, and prevent the destruction, alteration or spoliation of all evidence – including documents, emails, and digital correspondence – that may be relevant to *Baker v. Duvernay* or any projects related to Ms. DuVernay. Your obligation to preserve evidence arises when a party reasonably expects litigation. I respectfully ask that you suspend any automated data deletion, overwriting, or document destruction policies that could affect information relevant to this matter.

This preservation demand applies to all physical documents and electronically stored information created, received, or maintained regarding data related to Ms. DuVernay. This includes:

1. **Digital Correspondence and Communications:** All emails, instant messages, text messages, internal chat logs (including Slack, Microsoft Teams, or WhatsApp), and internal voicemail messages concerning data related to Ms. DuVernay.
2. **Electronic Documents:** All drafts, final copies, and metadata of word processing documents, spreadsheets, presentations, and PDF files related to Ms. DuVernay.
3. **Internal Records and Files:** Personnel files, logs, memos, internal reviews, or investigations regarding *13th* and all projects related to Ms. DuVernay.
4. **System and Device Data:** Hard drives, server logs, backup tapes, cloud storage accounts and mobile device data belonging to key custodians involved in this matter.

Please ensure your IT departments, employees, agents, and any third-party contractors are immediately notified of this litigation hold.

Thank you in advance,

Ralph W. Baker, Jr.
917-697-8168
ralphbakerjr@msn.com

Outlook

## Baker v. DuVernay and NYFF Premier Of 14th

**From** Ralph Baker <ralphbakerjr@msn.com>
**Date** Fri 10/9/2026 4:22 AM
**To** counsel@lincolncenter.org <counsel@lincolncenter.org>
**Cc** jkwiatkowski@filmlinc.org <jkwiatkowski@filmlinc.org>; etooley@filmlinc.org <etooley@filmlinc.org>

Hi,

I am the plaintiff in *Baker v. DuVernay, et al.*, where I allege Ava DuVernay and Netflix, Inc.'s ("Netflix") *13th* documentary infringed on my book, *Shock Exchange: How Inner-City Kids From Brooklyn Predicted the Great Recession and the Pain Ahead*, and its expression of mass incarceration. Earlier this week I sent a letter to Lauren Ezrol Klein, general counsel for Lincoln Center for the Performing Arts, asking Lincoln Center and New York Film Festival ("NYFF") to preserve all documents, emails and digital correspondence with Ms. DuVernay and Netflix pursuant to *13th*, *14th* and all projects involving Ms. DuVernay. I understand that letter was delivered to Ms. Klein yesterday.

I understand Ms. DuVernay discussed *14th* Thursday at NYFF and the documentary is expected to make its world premiere Friday. On July 16, 2026 *The Guardian* reported, "Ava DuVernay announced on Thursday that **she has made** a documentary for Netflix on the 14th amendment, which gave liberty and rights to formerly enslaved people following the civil war, and has come under legal attack from Donald Trump." ( https://www.theguardian.com/film/2026/jul/16/ava-duvernay-netflix-birthright-citizenship ).

I contacted Netflix general counsel, David Hyman, on August 26th to alert him that I was suing Ms. DuVernay and Netflix pursuant to *13th*. I filed the case in federal court in the Southern District of New York on September 19th. On October 8th Ms. DuVernay told an audience at NYFF, "We only finished the film last week!" This implied *14th* was finished in October, which contradicts what *The Guardian* reported in July. This implies that either Ms. DuVernay and Netflix altered the documentary after I corresponded with David Hyman on August 26th or after I filed the complaint on September 19th. Below is a message from @TheNYFF X account:

"We only finished the film last week!" - Ava DuVernay reveals as she discusses her latest, 14th.

We are honored to have the World Premiere as our #NYFF64 Closing Night Selection.




ARRAY

7:16 PM · Oct 8, 2026 · **645** Views

I will ask the judge overseeing *Baker v. Duvernay* to order Ms. DuVernay, Netflix and Array Filmworks to (i) preserve and prevent the destruction or alteration of all evidence pursuant to *13th*, *14th* and all projects related to Ms. DuVernay, (ii) and explain the nature of any alterations or destruction of evidence. If Ms. DuVernay, Netflix or Array altered *14th* or destroyed evidence after August 26th - the date of my correspondence with Netflix general counsel - then they may have already run afoul of spoliation requirements. I understand *14th* discusses the period of reconstruction which, *Shock Exchange* also discusses.

I will also alert the judge of my correspondence with Lincoln Center. If Lincoln Center and NYFF continue to market and promote 14th - or host its world premiere tonight - then they do so at their own risk. Consider yourselves put on notice.

Thank you in advance,

Ralph W. Baker, Jr.
Author, *Shock Exchange*

917-697-8168

Outlook

## Baker v. DuVernay, Van Lathan And 14th

**From** Ralph Baker <ralphbakerjr@msn.com>
**Date** Fri 10/9/2026 10:59 AM
**To** editors@theringer.com <editors@theringer.com>

Hi,

I am the author of *Shock Exchange: How Inner-City Kids From Brooklyn Predicted the Great Recession and the Pain Ahead*. I am the plaintiff in *Baker v. DuVernay, et al.*, 1:26-cv-08385. I allege that Ms. DuVernay, Netflix, Inc. ("Netflix"), ARRAY Filmworks ("ARRAY") and others infringed my book and its expression of mass incarceration in the *13th* documentary. Ms. DuVernay and Netflix have completed *14th*, a documentary "supposedly" about the *14th* Amendment. Like *13th* was allegedly a pretext to infringe on my expression of mass incarceration, *14th* could potentially be a pretext for Ms. DuVernay, Netflix and others to copy my creative selection pursuant to reconstruction and copy my expression of it. In effect, *14th* could be considered a "continuance of the infringing act."

I understand that Van Lathan, who runs a podcast on *The Ringer's* platform, contributed to *14th*. On October 6th I sent Bill Simmons, managing director of *The Ringer*, a letter demanding that *The Ringer* and Van Lathan "preserve and prevent the destruction, alteration or spoliation of all evidence - including documents, emails, and digital correspondence - that may be relevant to *Baker v. DuVernay* or any projects related to Ms. DuVernay." The letter is still in transit. I sent the general counsel of the Lincoln Center, which operates the New York Film Festival ("NYFF") a similar letter.

Upon information and belief, Ms. DuVernay and/or Netflix may have already altered *14th*, which could potentially run afoul of their requirements to preserve and prevent the destruction and spoliation of evidence. Such actions could potentially attach Mr. Lathan and *The Ringer*. I understand that Mr. Lathan is expected to be present tonight at the premiere of *14th* at NYFF. I sent Lincoln Center a similar email this morning, which is attached.

Thank you in advance,

Ralph W. Baker, Jr.
917-697-8168

---

**From:** Ralph Baker <ralphbakerjr@msn.com>
**Sent:** Friday, October 9, 2026 4:22 AM
**To:** counsel@lincolncenter.org <counsel@lincolncenter.org>
**Cc:** jkwiatkowski@filmlinc.org <jkwiatkowski@filmlinc.org>; etooley@filmlinc.org <etooley@filmlinc.org>

**Subject:** Baker v. DuVernay and NYFF Premier Of 14th

Hi,

I am the plaintiff in *Baker v. DuVernay, et al.*, where I allege Ava DuVernay and Netflix, Inc.'s ("Netflix") *13th* documentary infringed on my book, *Shock Exchange: How Inner-City Kids From Brooklyn Predicted the Great Recession and the Pain Ahead*, and its expression of mass incarceration. Earlier this week I sent a letter to Lauren Ezrol Klein, general counsel for Lincoln Center for the Performing Arts, asking Lincoln Center and New York Film Festival ("NYFF") to preserve all documents, emails and digital correspondence with Ms. DuVernay and Netflix pursuant to *13th*, *14th* and all projects involving Ms. DuVernay. I understand that letter was delivered to Ms. Klein yesterday.

I understand Ms. DuVernay discussed *14th* Thursday at NYFF and the documentary is expected to make its world premiere Friday. On July 16, 2026 *The Guardian* reported, "Ava DuVernay announced on Thursday that **she has made** a documentary for Netflix on the 14th amendment, which gave liberty and rights to formerly enslaved people following the civil war, and has come under legal attack from Donald Trump." ( https://www.theguardian.com/film/2026/jul/16/ava-duvernay-netflix-birthright-citizenship ).

I contacted Netflix general counsel, David Hyman, on August 26th to alert him that I was suing Ms. DuVernay and Netflix pursuant to *13th.* I filed the case in federal court in the Southern District of New York on September 19th. On October 8th Ms. DuVernay told an audience at NYFF, "We only finished the film last week!" This implied *14th* was finished in October, which contradicts what *The Guardian* reported in July. This implies that either Ms. DuVernay and Netflix altered the documentary after I corresponded with David Hyman on August 26th or after I filed the complaint on September 19th. Below is a message from @TheNYFF X account:

"We only finished the film last week!" - Ava DuVernay reveals as she discusses her latest, 14th.

We are honored to have the World Premiere as our #NYFF64 Closing Night Selection.




ARRAY

7:16 PM · Oct 8, 2026 · **645** Views

I will ask the judge overseeing *Baker v. Duvernay* to order Ms. DuVernay, Netflix and Array Filmworks to (i) preserve and prevent the destruction or alteration of all evidence pursuant to *13th* , *14th* and all projects related to Ms. DuVernay, (ii) and explain the nature of any alterations or destruction of evidence. If Ms. DuVernay, Netflix or Array altered *14th* or destroyed evidence after August 26th - the date of my correspondence with Netflix general counsel - then they may have already run afoul of spoliation requirements. I understand *14th* discusses the period of reconstruction which, *Shock Exchange* also discusses.

I will also alert the judge of my correspondence with Lincoln Center. If Lincoln Center and NYFF continue to market and promote 14th - or host its world premiere tonight - then they do so at their own risk. Consider yourselves put on notice.

Thank you in advance,

Ralph W. Baker, Jr.
Author, *Shock Exchange*

917-697-8168

Outlook

**Copyright Infringement Action Pursuant To Ava DuVernay's 13th Documentary And Oprah Interview On NetFlix**

**From** Ralph Baker <ralphbakerjr@msn.com>
**Date** Wed 8/26/2026 11:20 PM
**To** dhyman@netflix.com <dhyman@netflix.com>

Dear Mr. Hyman,

I am the author of *Shock Exchange: How Inner-City Kids From Brooklyn Predicted the Great Recession and the Pain Ahead*. I am the plaintiff in a copyright infringement case against Ibram X. Kendi and Netflix, Inc. ("Netflix") pursuant to the Netflix documentary, *Stamped from the Beginning*. Baker v. Hannah-Jones, No. 23-500. I am filing a new copyright infringement lawsuit against Ava DuVernay and Netflix pursuant to the Netflix documentary, *13th*.

I allege that Ms. DuVernay copied content from *Shock Exchange* pursuant to narrative on mass incarceration presented by Ms. DuVernay and her co-conspirators. The fact pattern suggests that Ms. DuVernay and certain members of Ta-Nehisi Coates' plagiarism ring have mined *Shock Exchange* for content pursuant to books, movies, and documentaries without my permission. Netflix has helped Ms. DuVernay and certain others fence stolen property to much fanfare. I demand that Netflix cease and desist from (i) marketing and promoting, (ii) producing and reproducing and (iii) distributing *13th* and the *13th* interview with Ms. Oprah Winfrey.

If you would like to settle this matter quietly, out of court then you are welcome to contact me.

Thank you in advance,

Ralph W. Baker, Jr.
Author, *Shock Exchange*
917-697-8168
,

Outlook

**Copyright Infringement Lawsuit Against Michael Harriot and News Corp Pursuant To Black AF And The Wholesale Copying Of Shock Exchange**

**From** Ralph Baker <ralphbakerjr@msn.com>
**Date** Thu 8/27/2026 12:12 AM
**To** dpitofsky@gmail.com <dpitofsky@gmail.com>
**Cc** investor@newscorp.com <investor@newscorp.com>

Dear Mr. Pitofsky

I am the author of *Shock Exchange: How Inner-City Kids From Brooklyn Predicted the Great Recession and the Pain Ahead*. I am filing a copyright infringement lawsuit against Michael Harriot and News Corp pursuant to Harriot's *Black AF: The Unwhitewashed Story of Ameria*.

I allege that Mr. Harriott copied content from *Shock Exchange*, and my language and arrangement of words. In effect, News Corp is helping Harriot fence stolen property to much fanfare. I demand that News Corp cease and desist from (i) marketing and promoting, (ii) producing and reproducing and (iii) distributing *Black AF*.

If you would like to settle this matter quietly, out of court then you are welcome to contact me.

Thank you in advance,

Ralph W. Baker, Jr.
Author, *Shock Exchange*
917-697-8168

1-26-CV-08385

October 9, 2026

Hon. Henry J. Ricardo
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 21D
New York, NY 10007

RECEIVED
SDNY PRO SE OFFICE
2026 OCT -9 PM 2:24

Re: Request For Court Order Directing The Registry of Motor Vehicles To Release The Registration Or Address History For Henry Louis Gates And Cornell William Brooks.

Dear Magistrate Judge Ricardo:

I, Ralph W. Baker, Jr. ("Plaintiff") respectfully asks the Court for a court order directing the Massachusetts Registry of Motor Vehicles ("RMV") to release the registration or address history for Henry Louis Gates ("Gates") and Cornell William Brooks ("Brooks"). Gates and Brooks are defendants in *Baker v. Duvernay, et al.* Plaintiff is attempting to access their driving records, which would give Plaintiff their primary residence for which to serve them with the Complaint. However, RMV will not release this information to a self-represented litigant.

Plaintiff understands the RMV Court Records Department would provide the information under a court order. Plaintiff would use this information for service of process purposes only.

Respectfully yours,

Ralph W. Baker, Jr.