UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH W. BAKER, JR.,<br><br>Plaintiff,<br><br>-v.-<br><br>AVA DUVERNAY, SPENCER AVERICK, ARRAY FILMWORKS, MS. OPRAH WINFREY, MICHELLE ALEXANDER, MELINA ABDULLAH, UNITED STATES, JELANI COBB, ANGELA DAVIS, BAZ DREISINGER, HENRY LOUIS GATES, JR., MARIE GOTTSCHALK, JOHN HAGAN, MICHAEL HARRIOT, VAN JONES, GLENN E. MARTIN, MARC MAUER, KHALIL GIBRAN MUHAMMAD, KEVIN GANNON, RASHAD ROBINSON, BRYAN STEVENSON, NICHOLAS TURNER, BRENNAN CENTER FOR JUSTICE, MICHAEL WALDMAN, WILLIAM J. CLINTON, HILLARY RODHAM CLINTON, CORNELL WILLIAM BROOKS, DERRICK JOHNSON, JEREMY TRAVIS, INIMAI CHETTIAR, TA-NEHISI P. COATES, CHRIS JACKSON, NICOLE COUNTS, VICTORIA MATSUI, ALICIA GARZA, SHERRILYN IFILL, NEW CORPORATION, NETFLIX, INC., CALIFORNIA STATE UNIVERSITY, LOS ANGELES, COLUMBIA UNIVERSITY, UNIVERSITY OF CALIFORNIA, SANTA CRUZ, JOHN JAY COLLEGE OF CRIMINAL JUSTICE, HARVARD UNIVERSITY, UNIVERSITY OF PENNSYLVANIA, NORTHWESTERN UNIVERSITY AND DREAM.ORG, JUSTLEADERSHIPUSA, SENTENCING PROJECT, COLOROFCHANGE.ORG, EQUAL JUSTICE INITIATIVE, VERA INSTITUTE OF JUSTICE, GRANDVIEW UNIVERSITY, NEW YORK UNIVERSITY, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, BLACK FUTURES LAB, LEGAL DEFENSE FUND, INCARCERATION NATIONS NETWORK, and WARNER BROS. DISCOVERY, INC.,<br><br>Defendants. | 26 Civ. 8385 (KPF)<br><br>**ORDER TO SHOW CAUSE** |

KATHERINE POLK FAILLA, District Judge:

On September 19, 2026, Plaintiff Ralph W. Baker Jr., proceeding *pro se*, commenced this action against 58 Defendants under the Copyright Act, 17

U.S.C. §§ 101-1511. (*See* Dkt. #1 at 3 ("Compl.")). Although Plaintiff identifies two causes of action for direct copyright infringement (*id.* ¶¶ 584-604), he also references potential allegations of unjust enrichment, identity theft, and negligence, as well as violations of unfair competition laws, the Lanham Act, and New York General Business Law §§ 349, 350, and 368-d (*id.* at 3).

Plaintiff is the author and copyright owner of the book *Shock Exchange: How Inner-City Kids from Brooklyn Predicted the Great Recession and the Pain Ahead* ("*Shock Exchange*"). (*See* Compl. ¶ 2). He contends that Ava DuVernay, New York University ("NYU"), and Michael Harriot directly infringed on his copyright. Specifically, according to Plaintiff, (i) DuVernay willfully infringed his copyrighted work in the Netflix documentary, *13th*, and in the interview, "13th: A Conversation with Oprah Winfrey and Ava DuVernay"; (ii) NYU willfully infringed his copyrighted work in the books *Solutions: American Leaders Speak Out on Criminal Justice* and *Ending Mass Incarceration: Ideas from Today's Leaders*; and (iii) Harriot willfully infringed his copyrighted work in the book *Black AF History: The Un-Whitewashed Story of America*. (*See id.*). Plaintiff also alleges that publications and derivative works by journalists and authors Nikole Hannah-Jones, Ibram X. Kendi, and Ta-Nehisi P. Coates infringed on his copyright (*id.* ¶ 4), and that Oprah Winfrey, Jelani Cobb, Khalil Gibran Muhammad, Bryan Stevenson, and Michelle Alexander, among others, contributed to the infringement (*id.* ¶ 5).

Upon review, the Court finds that the Complaint may be defective because of (i) claim and issue preclusion; (ii) failure to state a claim; and

(iii) timeliness. Accordingly, Plaintiff is ORDERED to show cause in writing why the Complaint should not be dismissed, in whole or in part.

**A. Claim and Issue Preclusion**

The Complaint references two related copyright cases that Plaintiff previously brought in this District: (i) a September 2022 copyright infringement suit against 25 defendants for unlawfully copying *Shock Exchange*, *see* No. 22 Civ. 7986 (JPO), Dkt. #2 (the "2022 Action"); and (ii) a November 2024 copyright infringement and unfair competition suit against 97 defendants for essentially the same conduct, *see* No. 24 Civ. 8760 (JMF), Dkt. #4 (the "2024 Action," and collectively, the "2022 and 2024 Actions"). *See also Michael Grecco Prods., Inc.* v. *RADesign, Inc.*, 112 F.4th 144, 148 n.1 (2d Cir. 2024) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (quoting *Glob. Network Commc'ns, Inc.* v. *City of New York*, 458 F.3d 150, 157 (2d Cir. 2006))).

In the 2022 Action, Judge Oetken dismissed Plaintiff's copyright claims against Coates — and 24 other defendants — for failure to state a claim, finding that Plaintiff had failed to plausibly allege "that Defendants' works exhibit substantial similarity to protected elements of *Shock Exchange*." *Baker* v. *Coates*, No. 22 Civ. 7986 (JPO), 2023 WL 6289964, at *4 (S.D.N.Y. Sept. 27, 2023). Judge Oetken also dismissed the New York unfair competition and Lanham Act claims because "claims about misrepresentations of the author of a work are not cognizable under either[.]" *Id.* at *5. The Second Circuit

affirmed Judge Oetken's decision, as did the Supreme Court. *See Baker* v. *Coates,* No. 23-7483, 2024 WL 5066467, at *2 (2d Cir. Dec. 11, 2024) (summary order) ("We agree with the district court that [Plaintiff has] failed to demonstrate substantial similarity as a matter of law between *Shock Exchange* and the alleged infringing works."), *aff'd,* 145 S. Ct. 2699 (2025) (affirming the judgment under 28 U.S.C. § 2109). In its summary order, the Second Circuit explained that "the works [we]re so dramatically different in content, total concept, and overall feel that no lay observer would regard Coates's works as having been appropriated from *Shock Exchange*." *Baker* v. *Coates,* 2024 WL 5066467, at *2. "To the extent there are any similarities between Baker's work and Coates's, they concern *ideas*, which are not copyrightable, rather than the *expression* of those ideas or the form in which they are presented, which are copyrightable." *Id.*

In the 2024 Action, Judge Furman dismissed Plaintiff's claims against the 49 named defendants for failure to state a claim. (2024 Action, Dkt. #10 (denying Plaintiff's motion for reconsideration)). Every claim in the instant action, apart from the identity theft claim, was also asserted in the 2024 Action. (2024 Action, Dkt. #1 at 3 (Complaint listing the causes of action as "direct copyright infringement, vicarious copyright infringement, and unjust enrichment, violations of the New York and common law unfair competition laws, the Lanham Act, New York General Business Law §§ 349, 350[,] and 368-d, and negligence.")). Regarding the copyright claim, Judge Furman found that Plaintiff had "not alleged substantial similarity between his work and the

allegedly infringing works." (*Id.*). As in the 2022 Action, Plaintiff had provided "side-by-side comparisons of select passages from his work and the allegedly infringing works," which, contrary to Plaintiff's intention, "only serve[d] to highlight the divergent natures of Baker's work and the challenged works." (*Id.*). Judge Furman noted, in a prior order, other potential grounds for dismissal, including that the claims may be barred by the doctrine of collateral estoppel or issue preclusion because Plaintiff's claims against Coates were fully and fairly litigated in the 2022 Action; and that the copyright claims may be time-barred given the three-year statute of limitations period. *See Baker* v. *Hannah-Jones*, No. 24 Civ. 8760 (JMF), 2024 WL 5090086, at *2-3 (S.D.N.Y. Dec. 11, 2024).

For reasons similar to those set forth in dismissing the 2022 and 2024 Actions, the Court is skeptical that this Complaint should survive, either in whole or in part. Beginning with preclusion, a district court has the power to dismiss claims *sua sponte* as claim or issue precluded. *See Salahuddin* v. *Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (claim preclusion); *Curry* v. *City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (issue preclusion). Under both New York and federal law, claim preclusion bars relitigation if "[i] the previous action involved an adjudication on the merits; [ii] the previous action involved the [same parties] or those in privity with them; and [iii] the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan* v. *N.Y. City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (alteration adopted); *see also Marvel Characters, Inc.* v. *Simon*, 310 F.3d 280, 286 (2d Cir.

2002) (applying "federal law in determining the preclusive effect of a federal judgment, and New York law in determining the preclusive effect of a New York State court judgment" (internal citations omitted)).

*First*, the 2022 and 2024 Actions were indisputably adjudicated on the merits. *See Berrios* v. *N.Y. City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (A federal court's "dismissal for failure to state a claim is a final judgment on the merits and thus has [claim preclusive] effects."). *Second*, by this Court's count, approximately 22 Defendants from the instant suit were named in the prior 2022 and 2024 Actions, and additional Defendants appear to be in privity with them. *See Cent. Hudson Gas & Elec. Corp.* v. *Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-68 (2d Cir. 1995) (Privity extends to "a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion."). *Third*, Plaintiff's claims were or could have been raised in the prior two actions. For instance, in the Complaint, Plaintiff cites the 2022 and 2024 Actions to demonstrate a recurring pattern of infringement, yet he fails to explain why he did not raise these allegations previously. (*See* Compl. ¶¶ 12-13). In sum, all three requirements of claim preclusion are likely met.

Although issue preclusion is usually raised as an affirmative defense, a district court may also *sua sponte* dismiss claims as issue-precluded because of the "strong public policy in economizing the use of judicial resources by avoiding relitigation." *Doe* v. *Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998). Under both federal common law and New York law, issue preclusion bars parties from

relitigating an issue of fact or law when "[i] the identical issue was raised in a previous proceeding; [ii] the issue was actually litigated and decided in the previous proceeding; [iii] the party raising the issue had a full and fair opportunity to litigate the issue in the prior proceeding; and [iv] the resolution of the issue was necessary to support a valid and final judgment on the merits." *Cayuga Nation* v. *Tanner*, 6 F.4th 361, 374 (2d Cir. 2021) (alterations adopted) (quoting *Marvel Characters, Inc.*, 310 F.3d at 288-89); *see also Taylor* v. *Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law.").

As with claim preclusion, all four requirements for issue preclusion are likely satisfied. The only disputed element is whether this case raises the same issues as the 2022 and 2024 Actions. However, Plaintiff makes no attempt to distinguish his current claims from his prior ones. To Plaintiff's credit, the Complaint cites one cause of action distinct from the 2022 and 2024 Actions: identity theft. (*Compare* 2024 Action, Dkt. #1 at 3, *with* Compl. 3). But the claim is not substantively new. Plaintiff made similar allegations in the 2024 Action against Defendants Coates and Hannah-Jones, both of whom are Defendants here. Plaintiff alleged that Coates "confessed to … stealing Plaintiff's identity," and that Hannah-Jones "st[ole] Plaintiff's identity," respectively. (*See* 2024 Action, Dkt. #1 ¶¶ 133, 149). In any event, the allegations in the instant Complaint ultimately reduce to the alleged infringement of his memoir, *Shock Exchange* — a claim already adjudicated in

the 2022 and 2024 Actions. Accordingly, each of Plaintiff's current claims depends on issues that are ostensibly precluded.

**B. Failure to State a Claim**

A district court may dismiss an action *sua sponte* for failure to state a claim, provided the plaintiff receives notice of the grounds for dismissal and an opportunity to be heard. *See Thomas* v. *Scully*, 943 F.2d 259, 260 (2d Cir. 1991). To avoid dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007). Where, as here, a plaintiff proceeds *pro se*, the Court must afford special solicitude to the litigant's filing, including "liberal construction of pleadings, motion papers, and appellate briefs," as well as "relaxation of the limitations on the amendment of pleadings." *Tracy* v. *Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

To establish copyright infringement, "two elements must be proven: [i] ownership of a valid copyright, and [ii] copying of constituent elements of the work that are original." *Feist Publ'ns, Inc.* v. *Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). A plaintiff "must demonstrate that: [i] the defendant has actually copied the plaintiff's work; and [ii] the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Hamil Am. Inc.* v. *GFI*, 193 F.3d 92, 99 (2d Cir. 1999) (internal quotation marks and citation omitted). A court assessing substantial similarity is "principally guided by comparing the contested [work's] total concept and overall feel with that of the allegedly infringed work." *Peter F. Gaito Architecture,*

*LLC* v. *Simone Dev. Corp.*, 602 F.3d 57, 66 (2d Cir. 2010) (internal quotation marks and citation omitted). A court may consider similarities in "feel, theme, characters, plot, sequence, pace, and setting," but must look beyond "superficial similarities." *Williams* v. *Crichton*, 84 F.3d 581, 588-89 (2d Cir. 1996).

The Court is inclined to conclude that Plaintiff fails to state a copyright infringement claim against Defendants. Plaintiff premises his direct copyright infringement claims on the very elements of *Shock Exchange* that the 2022 and 2024 Actions found not protectable under copyright law. For example, similar to the 2022 and 2024 Actions, Plaintiff alleges here that certain Defendants copied his unique "rhythmic prose and tedious talk" (*see, e.g.*, Compl. ¶¶ 6, 156, 185, 188), but he fails to "identify elements of *Shock Exchange* that constitute unique enough literary devices to qualify as copyrightable material," *Baker*, 2024 WL 5090086, at *2 (quoting *Baker*, 2023 WL 6289964, at *4). Plaintiff once again provides side-by-side comparisons of passages from *Shock Exchange* and the allegedly infringing works (*see, e.g.,* Compl. ¶¶ 153-158, 168-69, 176-82), which only serves to underscore that these works "actually differ dramatically in total concept and overall feel," *Baker*, 2024 WL 5090086, at *2 (quoting *Baker*, 2023 WL 6289964, at *4).

To the extent Plaintiff asserts contributory copyright infringement as a cause of action, he also likely fails to state a claim because "there can be no contributory infringement absent actual infringement." *Faulkner* v. *Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 40 (2d Cir. 2005). Even assuming

Plaintiff could theoretically state a predicate claim of actual infringement, his allegations regarding contributory liability are entirely conclusory. *See BWP Media USA Inc.* v. *Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 356 (S.D.N.Y. 2014) ("[P]leadings [that] contain nothing but bare legal conclusions … are not factual allegations entitled to a presumption of truth."). Additionally, with particular respect to the unfair competition and Lanham Act claims, the Court agrees with Judge Oetken and Judge Furman that "claims about misrepresentation[s] of the author of a work are not cognizable under either the Lanham Act or New York common law." *Baker*, 2024 WL 5090086, at *3 (quoting *Baker*, 2023 WL 6289964, at *5). Thus, any such claim would likely fail as a matter of law. *See id.* (quoting *Baker*, 2023 WL 6289964, at *5). At bottom, the Court is thus inclined to dismiss Baker's claims against the remaining Defendants for failure to state a claim.

### C. Timeliness

Finally, the Court observes that Plaintiff's copyright claims may be time-barred. The Copyright Act provides that "[n]o civil action shall be maintained … unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). To determine when a claim accrues, the Second Circuit applies the discovery rule: Plaintiff "has the length of time it takes, using due diligence, to discover the infringement; only from that point does the statute of limitations begin to run." *Michael Grecco Prods., Inc.*, 112 F.4th at 151. Because Plaintiff filed his claims on September 21, 2026, he must have been unable to discover the infringing activity before September 21, 2023.

However, at least one of the allegedly infringing works dates back to widely publicized releases in 2019. *See Baker*, 2024 WL 5090086, at *2 (observing that Hannah-Jones's 1619 Project, one of the allegedly infringing works, was released and widely publicized in 2019). Plaintiff should therefore address why the Court should not dismiss some or all of his copyright claims as untimely, taking care to discuss when he discovered each infringing work.

****

In light of the foregoing, Plaintiff is hereby ORDERED to show cause in writing — in a memorandum of law **of no more than twenty-five pages** — on or before **December 15, 2026**, why his claims should not be dismissed in whole or in part for the reasons set forth above. If Plaintiff fails to show cause or does not file anything by the deadline, the Court may dismiss the action — in whole or in part — *sua sponte* without further notice.

The Clerk of Court is directed to mail a copy of this Order to any self-represented party who has not consented to e-service or e-filing.

SO ORDERED.

Dated: October 27, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge