COVINGTON

BEIJING BOSTON BRUSSELS DUBAI FRANKFURT
JOHANNESBURG LONDON LOS ANGELES NEW YORK
PALO ALTO SAN FRANCISCO SEOUL SHANGHAI WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

November 16, 2026

The Honorable Katherine Polk Failla
U.S. District Court Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 618
New York, NY 10007

**Re: *Baker v. DuVernay et al.*, No. 1:26-cv-08385 (KPF) (S.D.N.Y.)**

Dear Judge Failla:

This firm represents defendant The Sentencing Project ("TSP") in the above-captioned action.

Pursuant to Rule 4(A) of Your Honor's Individual Rules of Practice in Civil Cases, TSP respectfully submits this pre-motion letter in anticipation of a motion to dismiss the Complaint (Dkt. 1) filed by Ralph W. Baker, Jr. ("Plaintiff"). Under Rule 4(A), submission of this letter stays TSP's time to answer or otherwise move with respect to the Complaint. TSP also respectfully requests that the Court defer setting a briefing schedule until it resolves the pending Order to Show Cause (Dkt. 35), because the Court's ruling thereon may dispose of some or all of Plaintiff's claims.

TSP submits this letter without conceding that it has been properly served and without waiving any defense. TSP expressly reserves all rights and defenses available under Federal Rule of Civil Procedure 12(b), including insufficient service of process and lack of personal jurisdiction.

If a motion proves necessary following the resolution of the pending Order to Show Cause, TSP anticipates moving to dismiss under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). TSP expects to argue that Plaintiff has not validly served TSP and that the Court lacks personal jurisdiction over it. TSP further expects to argue that the Complaint fails to state a claim against TSP, including because the material Plaintiff claims was copied is not protectable expression, Plaintiff's theory is barred by the judgments in his prior actions, the Complaint pleads no basis for secondary liability, the Lanham Act and state-law claims are not cognizable or are preempted, and the claims are untimely.

The Court has already ordered Plaintiff to show cause, on or before December 15, 2026, why the Complaint should not be dismissed in whole or in part on grounds of claim and issue preclusion, failure to state a claim, and timeliness. Dkt. 35. Those grounds substantially overlap with the grounds on which TSP would move, and the Court's ruling may dispose of the claims against TSP entirely. TSP therefore respectfully requests that the Court defer setting a briefing

schedule on TSP's proposed motion until it resolves the Order to Show Cause.

The proposed motion is not on consent of Plaintiff. On November 11, 2026, counsel for TSP wrote to Plaintiff requesting his position on this letter and the proposed deferral of briefing until after resolution of the Order to Show Cause; as of this filing, Plaintiff has not responded.

TSP has not sought the positions of the other defendants, most of whom have not yet appeared.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Kevin Coleman*
Kevin Coleman

cc: Ralph W. Baker, Jr. (via First-Class Mail and email)
112 South Elliott Place
Brooklyn, New York 11217
ralphbakerjr@msn.com

Failla_NYSDChambers@nysd.uscourts.gov