K&L GATES

November 18, 2026

Joanna A Diakos Kordalis
Partner
joanna.diakoskordalis@klgates.com

T +1 212 536 4807
F +1 212 536 3901

Hon. Katherine Polk Failla
United States District Judge
United States District Court for the Southern District of New York40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

**Re: *Baker v. DuVernay et al.*, No. 1:26-cv-08385-KPF**

Dear Judge Failla:

We represent defendant University of California, Santa Cruz (the "University"). By this special appearance, which does not constitute consent to this Court's personal jurisdiction over the University or a waiver of any arguments thereof, the University respectfully requests an extension of its November 19, 2026 deadline to answer, move, or otherwise respond to the Complaint until 30 days after entry of the Court's order resolving its October 27, 2026 Order to Show Cause (ECF No. 35), to the extent any claims against the University remain.

The OSC directs Plaintiff to show cause by December 15 why the Complaint should not be dismissed, in whole or in part, based on claim and issue preclusion, failure to state a claim, and untimeliness. Resolution of those potentially dispositive issues may eliminate or substantially narrow the claims against the University. Extending the response deadline would therefore conserve party and judicial resources by avoiding potentially unnecessary motion practice.

This is the University's first request for an extension. Counsel requested Plaintiff's consent to the extension but has received no response as of this filing. The requested extension does not affect any other scheduled dates.

Alternatively, if the Court does not grant the requested extension, the University requests a pre-motion conference concerning its anticipated motion to dismiss the Complaint under Rules 12(b)(1), 12(b)(2), and 12(b)(6). The proposed motion would assert lack of personal jurisdiction or, in the alternative, Eleventh Amendment sovereign immunity and failure to state a claim for the grounds identified in the OSC.

As to personal jurisdiction, the Complaint alleges no basis for either general jurisdiction or specific jurisdiction. The University is a California public institution, and Plaintiff alleges neither that it is based in New York nor that its activities establish the presence in New York necessary for general jurisdiction. Further, recruiting students, maintaining alumni relationships, or soliciting donations in New York would not, without more, establish general jurisdiction over an

out-of-state university. *See Thackurdeen v. Duke University*, 130 F. Supp. 3d 792, 799 (S.D.N.Y. 2015) (rejecting general jurisdiction despite New York recruitment, fundraising, and educational activities). Specific jurisdiction is likewise lacking. The Complaint identifies no New York transaction by the University from which Plaintiff's claims arise. Instead, the University-specific allegations concern Davis's affiliation, supposed institutional benefits from her participation in *13th*, and generic publication and tenure requirements, without connecting those allegations to any conduct in New York.

As to Eleventh Amendment sovereign immunity, the University, a public entity, is an arm of the State, and thus entitled to sovereign immunity. *See BV Engineering v. University of California, Los Angeles*, 858 F.2d 1394, 1395-96 (9th Cir. 1988) (affirming dismissal of a copyright infringement action against UCLA on Eleventh Amendment sovereign immunity grounds); *Dong v. City University of New York*, No. 1:25-CV-01332 (JLR), 2026 WL 1399155, at *4-5 (S.D.N.Y. May 19, 2026) (holding that CUNY School of Medicine is entitled to sovereign immunity); *Nilsen v. University of Washington*, 186 F.4th 1133, 1142-43 (9th Cir. 2026) (holding that the University of Washington is an arm of the State entitled to sovereign immunity); *see also Allen v. Cooper*, 589 U.S. 248, 255, 260 (2020) (holding that sovereign immunity not abrogated for copyright claims). The merits grounds include the conclusory University-specific allegations and the failure to plead actionable underlying infringement. Counsel also requested Plaintiff's consent to the proposed motion to dismiss but has received no response as of this filing.

Finally, the Complaint independently fails to state a claim because the alleged similarities concern historical facts, general ideas, and commonplace phrases, rather than actionable copying of protected expression. *See Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 978-79 (2d Cir. 1980) (holding that historical facts and interpretations are not copyrightable); *Arica Institute, Inc. v. Palmer*, 970 F.2d 1067, 1072-73 (2d Cir. 1992) (holding that commonplace words and short phrases lacking originality were not protected by copyright). The University also intends to raise claim- and issue-preclusion defenses arising from Plaintiff's prior litigation and the three-year statute of limitations, including whether Plaintiff knew or reasonably should have discovered the alleged infringement more than three years before commencing this action.

The University thanks the Court for its consideration.

Respectfully submitted,

*/s/ Joanna A. Diakos*

Joanna A. Diakos